**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RALPH GRATTAN, et al.,** | ) | **CASE NO. 1:07CV3343** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROBERT STRICKLAND, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion of Defendant, Raese, Strickland, Berry, Grubb & Nuske, Inc., to Dismiss (ECF DKT #20). For the following reasons, the Motion is granted and the entire case is stayed and removed from the active docket.

**I. FACTUAL BACKGROUND**

On or about August 13, 2003, Defendant Robert L. Strickland allegedly reported to the Cleveland Police that Plaintiffs, Ralph and Beverly Grattan, committed criminal theft in the amount of $1,000,000 against Defendant American Transportation Companies, Inc., a corporation Robert Strickland owned. Robert Strickland is a certified public accountant and a partner in the accounting firm of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

After Strickland filed a police report, Defendant Dawson Companies, insurer for American Transportation Companies, Inc., paid compensation to Strickland and/or American Transportation Companies, Inc. Plaintiffs allege they never committed any acts of theft and have no criminal record. Based upon the conduct of the Defendants, Plaintiffs were indicted and charged with Theft, a third-degree felony, on October 19, 2006. Plaintiffs further allege the criminal cases against them were ultimately dismissed on or about July 17, 2007.

As the result of the conduct of Defendant City of Cleveland and several police officers, Plaintiffs assert they were deprived of their right to be free from unreasonable searches and seizures, as well as their right to be free from false arrest and malicious prosecution in violation of 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Plaintiffs' Complaint also includes counts of malicious prosecution, abuse of process, defamation, fraud, intentional infliction of emotional distress, liability of principal for acts of agent, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the non-municipal defendants.

The prosecution of the instant case was stayed as against Robert L. Strickland and American Transportation Companies, Inc., pursuant to the automatic stay provisions of the U.S. Bankruptcy Code. Defendants, Cleveland Police Department, City of Cleveland, Michael McGrath, Denise Kovach, John Stevens, Jr., and Dawson Companies, were voluntarily dismissed by stipulation.

On January 9, 2008, Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc. moved for dismissal of the Complaint against it for failure to state a claim upon which relief may be granted and for failure to plead the required elements of a RICO claim.

## **II. LAW AND ANALYSIS**

**Standard of Review**

**Motion to Dismiss**

" The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.,* No. 06-6399, slip copy 2008 WL 116385, at *2, (6th Cir. Jan. 8, 2008) citing *Bell Atl. Corp. v. Twombly ,* --- U.S. ----, 127 S.Ct. 1955 (2007). Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Id.* at 1965. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**RICO claims**

"In order to establish 'racketeering activity' the plaintiffs must allege a predicate act," under18 U.S.C. § 1961(1). *Kenty v. Bank One, Columbus, N.A.,* 92 F.3d 384, 389 (6th Cir. 1996). Plaintiffs, Ralph and Beverly Grattan, allege Defendants, Robert Strickland and Raese, Strickland, Berry, Grubb & Nuske, Inc., engaged in a pattern of racketeering activity including insurance fraud, wire fraud, and mail fraud. Fed. R. Civ. P. 9(b) provides that in a complaint

alleging fraud, "the circumstances constituting fraud ... shall be stated with particularity." "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). "Even against Rule 8's 'backdrop admonition of simplicity in pleading,' '[h]owever, allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'" *Advocacy Organization*,176 F.3d at 322 (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993).

"The elements of mail and wire fraud are: (1) a scheme to defraud, and (2) use of the mails or of an interstate electronic communication in furtherance of the scheme." *United States v. Brown*, 147 F.3d 477, 483 (6th Cir.1998), *cert. denied*, 525 U.S. 918 (1998). Furthermore,

> A scheme to defraud consists of intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the designed end. To allege intentional fraud, there must be proof of misrepresentations or omissions which were reasonably calculated to deceive persons of ordinary prudence and comprehension. ***Thus, the plaintiffs must allege with particularity a false statement of fact made by the defendant which the plaintiff relied on.***

*Kenty,* 92 F.3d at 389-90. (Emphasis added).

**Corporate liability**

Defendant, Raese, Strickland, Berry, Grubb & Nuske, Inc., is a professional corporation authorized under Chapter 1785 of the Ohio Revised Code and subject to the general corporation laws of Ohio. Its Articles of Incorporation are on file with the Ohio Secretary of State, at

-4-

Corporate Charter No. 418163. Defendant Robert Strickland is one of five shareholders listed in the corporate filing. A professional corporation has the same general liability features as a general corporation, excepting restrictions on stock transfers and liability for the furnishing of professional services. *Lenhart v. Toledo Urology Assoc., Inc.*, 48 Ohio App.2d 249 (1975). Courts will only disregard the separate corporate entity in narrow circumstances. In *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274 (1993), the Ohio Supreme Court outlined a three-pronged test for "piercing the corporate veil":

> 1. Control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence of its own;
> 2. Control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and
> 3. Injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere*, 67 Ohio St.3d at 289; see also *Carter-Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 748 (6th Cir. 2001).

**Plaintiffs' Complaint**

The following are the only references in Plaintiffs' Complaint to Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.:

¶6. Defendant Robert L. Strickland acted in violation of 18 U.S.C.A. 1961, 1962 and 1964 (Racketeering Influenced and Corrupt Organizations), and did so while in association with Defendant American Transportation Companies, Inc. and Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶11. Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc. is an Ohio Corporation engaged in interstate commerce or in activities affecting interstate commerce.

¶18. Defendant Robert L. Strickland is, or was during all times relevant herein, a

certified public accountant, and a partner in the accounting firm of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶50.  Defendant Robert L. Strickland took the actions complained of in Paragraphs 44 through 48 above [malicious prosecution] while acting as a Partner of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶57.  Defendant Robert L. Strickland took the actions complained of in paragraphs 52 through 55 above [abuse of process] while acting as a Partner of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶63.  Defendant Robert L. Strickland took the actions complained of in Paragraphs 59 through 61 above [defamation] while acting as a Partner of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶72.  Defendant Robert L. Strickland took the actions complained of in paragraphs 65 through 70 above [fraud] while acting as a Partner of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

**Thirteenth Claim For Relief**
**(R.I.C.O. - 18 U.S.C.A. 1961, 1962 and 1964)**

¶109.  Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc. is an enterprise affecting interstate commerce.

¶111.  Defendant Robert L. Strickland was at all times relevant herein a partner, part owner of, or senior employee of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶113.  Defendant Robert L. Strickland did directly participate in the affairs of Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc.

¶115.  Defendant Robert L. Strickland participated in the affairs of Defendant Raese,

Strickland, Berry, Grubb & Nuske, Inc. through a pattern of racketeering activity which included but was not limited to violations of state and federal law comprising insurance fraud, wire fraud, and mail fraud.

**Application of law to facts**

It is evident, upon consideration of all statements and allegations concerning Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc., when construed in a light most favorable to Plaintiffs, that the statements and allegations are not sufficiently particularized to state a claim of fraudulent predicate acts, or a pattern or threat of continuing racketeering activity under RICO. Fed. R. Civ. P. 9(b). Even read most liberally, the Complaint does not allege, with particularity, a false statement of fact made by Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc. upon which Plaintiffs Ralph and Beverly Grattan relied; nor is the time, place, and source of any statement identified. *Kenty*, 92 F.3d at 389-90.

The Court can find no allegation that the Defendant professional corporation is actually the alter ego of its shareholder, Defendant Robert L. Strickland. Nor do the allegations, viewed in Plaintiffs' favor, justify disregarding the discrete corporate entity. Plaintiffs do not claim the corporation "had no separate mind, will, or existence of its own" because of the extent of control Defendant Robert L. Strickland exercised. *Carter-Jones*, 237 F.3d at 748.

Examining each time Defendant Raese, Strickland, Berry, Grubb & Nuske, Inc. is mentioned in the Complaint, the Court discerns no suggestion of an agency relationship. Moreover, there is no claim that the Defendant professional corporation knowingly ratified the actions of Defendant Robert L. Strickland, its shareholder.

### **III. CONCLUSION**

In view of the lack of particularity of the RICO claim, which fails to "provide fair notice to the defendant" of the alleged predicate acts of fraud; and because of the failure to allege facts authorizing this Court to "pierce the corporate veil" and impose liability on the corporation for malicious prosecution, abuse of process, defamation, or fraud, the Motion of Defendant, Raese, Strickland, Berry, Grubb & Nuske, Inc., to Dismiss is granted. The Court further finds, since the moving Defendant was the only Defendant remaining in the lawsuit (except for unidentified "John Does") following stipulated dismissals and bankruptcy stays, the entire case shall be stayed and removed from the active docket of this Court. The case may be reopened only upon written motion by Plaintiff or other parties in interest.

**IT IS SO ORDERED.**

**DATE: June 12, 2008**

   **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**